## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**FATHER SAMA MUMA**, an individual

       Plaintiff,

   v

                          Case No. 4:22-cv-10414-MFL-KGA
                          Honorable Matthew F. Leitman
                          Magistrate Judge Kimberly G. Altman

**HAPPY SMILES, LLC**, a Nevada limited liability company; **AUTOMATION ALLIANCE GROUP LLC**, a Delaware limited liability company; **NICK RAFAEL MOCUTA**, an individual; and **JESSE REGAN**, an individual

       Defendants.

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

1

**COUNTER-STATEMENT OF ISSUES PRESENTED**

1.    Whether the Court should enforce an arbitration clause where the underlying

agreement was illusory and lacked consideration to form an enforceable

contract?

*Plaintiff's Answer: No*

## STATEMENT OF MOST CONTROLLING AUTHORITY

The Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. ("FAA")

*Granite Rock Co. v. Int'l Broth. of Teamsters*, 130 S. Ct. 2847, 2857, 177 L. Ed. 2d 567 (2010)

*Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996)

*Perry v. Thomas*, 482 U.S. 483, 492 n.9, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987)

*Cooper v. MRM Inv. Co*., 367 F.3d 493, 498 (6th Cir. 2004)

*Fazio v. Lehman Bros*., 340 F.3d 386, 393-94 (6th Cir. 2003)

*Day v. Fortune Hi-Tech Mktg*., 536 Fed. Appx. 600, 601 (6th Cir. 2013)

## I.   INTRODUCTION

This matter involves a "get rich quick" scheme perpetrated by the Defendants that cost Plaintiff $22,500.  Plaintiff is a Catholic priest, and to assist his brother to start a business, was interested in a legitimate side business to make extra income. Instead, he was deceived and offered an internet scam. In the underlying agreement, Defendants offered to manage an online drop shipping business that would be operated on a third party's website.  However, the business model being offered was against the third party's terms of service and could be cancelled at any time.  Hence, Defendants' promise was illusory because they were offering a service which they could not provide that could be cancelled without Plaintiff's consent.  Plaintiff has filed this lawsuit against Automation Alliance ("Automation"), Happy Smiles, LLC, Nick Mocuta ("Mocuta") and Jesse Regan ("Regan") alleging claims of fraud, conversion, RICO violations, violations of the Michigan Consumer Protection Act and other state law claims.  In their motion, Defendants, Automation and Regan, are seeking to enforce an arbitration clause contained in a void and unenforceable contract.  For the reasons that follow, the motion to compel arbitration should be denied.

## II.   FACTUAL BACKGROUND

In December of 2020, Plaintiff requested information from Defendants regarding a drop shipping business it advertised on the internet ("Drop Shipping

4

Business"). Drop shipping is an order fulfillment option that allows an ecommerce business to outsource procuring, storing, and shipping products to a third party.  The Drop Shipping Business was to be conducted on a third party's website – Walmart, Inc.

On February 17, 2021, Plaintiff, Happy Smiles and Automation Alliance executed the Walmart Account Management Services Agreement (the "Agreement"). See ECF No. 1. The Agreement provides that "[t]he Services to be provided by Happy Smiles are only the following:  Perform all management functions for the Walmart Drop Shipping Business, including but not limited to, customer service, product research and order fulfillment, all the while excluding any management of any of Your financial accounts" ("Services"). *Id*. at Page ID 20. The Agreement does not explain or further elaborate on these services. *Id*. Under the Agreement, Automation has no obligations despite being the only entity that was receiving payment from Plaintiff. *Id*. The Agreement also states that the "**Drop Shipping model that will be ran on your account is 100% against Walmart's terms of service**." *Id*. at Page ID 20 (Schedule A(c)).  In other words, Walmart does not allow drop shipping from its website and Defendants could not provide the service in the Agreement without potential cancellation of the Drop Shipping Business by Walmart as well as legal ramifications.   These risks were never communicated to Plaintiff during his discussions with Jesse Regan, or the other

5

Defendants, and this provision of the contract was readily visible since the contract was sent to Plaintiff to sign electronically.

After discovering that the Agreement was a sham, Plaintiff reached out to Defendants for a refund.  When those efforts were unsuccessful, the current lawsuit was filed.  Defendants, Happy Smiles and Mocuta, have failed to defend or appear. Happy Smiles has been defaulted.  *See* ECF No. 11.  On May 23, 2022, Automation and Regan filed this motion to compel arbitration.

### III.   ARGUMENT

The Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. ("FAA"), provides that "[a] written provision . . . to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Where parties have agreed to arbitrate some disputes, courts should generally construe their agreement to arbitrate broadly, and should generally resolve disputes over the scope of the arbitration clause in favor of arbitration. *Granite Rock Co. v. Int'l Broth. of Teamsters*, 130 S. Ct. 2847, 2857, 177 L. Ed. 2d 567 (2010). However, if the dispute is itself over the validity of the arbitration clause, then it is a matter of ordinary judicial resolution, and no such presumption applies. *Id*. at 2857-58 (2010). Even if courts are meant to favor a finding that parties have agreed to submit their claims to arbitration, parties must still have a valid and enforceable agreement to resolve their claims in arbitration. *Id*.

at 2856.  As a result, generally applicable state-law contract defenses are available

to a plaintiff seeking to invalidate an arbitration agreement, such as fraud, forgery,

duress, mistake, lack of consideration or mutual obligation, and unconscionability.

*See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 134 L.

Ed. 2d 902 (1996); *Perry v. Thomas*, 482 U.S. 483, 492 n.9, 107 S. Ct. 2520, 96 L.

Ed. 2d 426 (1987); *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir.

2004); *Fazio v. Lehman Bros.*, 340 F.3d 386, 393-94 (6th Cir. 2003).

Here, there is a genuine issue of material fact as to whether there is an

agreement to arbitrate because Happy Smiles promise to perform was illusory and

lacked consideration.  Happy Smiles was offering to "[p]erform all management

functions for the Walmart Drop Shipping Business, including but not limited to,

customer service, product research and order fulfillment;" however, the Walmart

Drop Shipping Business was "100%" against Walmart's terms of service.  ECF No

1, Page ID 20. Therefore, Happy Smiles could not provide the services it was

promising.  Without a binding obligation, a promise is illusory, and therefore not

enforceable as a contract.  *Day v. Fortune Hi-Tech Mktg.*, 536 Fed. Appx. 600, 601

(6th Cir. 2013).

Furthermore, Automation Alliance has not provided any consideration under

this contract as it has no obligation under the agreement whatsoever.  Therefore, it

cannot enforce the arbitration provision. Consideration is "a benefit of a promisor or

a detriment to a promise pursuant to the promisor's request." *Sarn Energy Llc v. Tatra Def. Vehicle A.S.*, 2018 Del. Super. LEXIS 3171, \*13 (2018). However, "where the terms in an agreement are so vague that a court cannot determine the existence of a breach, then the parties have not reached a meeting of the minds, and a court should deny the existence of a contract." *Id*. A contract must be binding on both or else it is binding on neither. *Day v. Fortune Hi-Tech Mktg.*, 536 Fed. Appx. 600, 601 (6th Cir. 2013). As discussed above, Defendants' have no obligations under the Agreement. Consequently, the Agreement is not an enforceable contract and Defendants cannot enforce the arbitration provision.  This motion should be denied.

## IV.   CONCLUSION

For these reasons, Plaintiff requests that the Court deny Defendants' Motion.

Dated: June 6, 2022                                    Respectfully submitted,

By: */s/ David M. Dell*
David M. Dell (P61778)
CND Law Group PLLC
33762 Schoolcraft Road
Livonia, MI 48150
734-427-2030
ddell@cnd-law.com

## PROOF OF SERVICE

I hereby certify that on June 6, 2022, I served Plaintiff's Response to Defendants' Motion to Compel Arbitration on Defendants' Counsel via the court's e-filing system.

/s/ David M. Dell
David M. Dell (P61778)